14-4477-cv
Smith v. Johnson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand sixteen.

PRESENT: REENA RAGGI,
RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

FLORENCE F. SMITH,

      *Plaintiff-Appellant*,

    v.                                       14-4477-cv

LARRY JOHNSON, HELPDESK MANAGER, ALAN VENGERSKY, BRIAN CHARKOWICK, BRENDA LAMBERT, NICHOLAS SANTANGELO, DEPARTMENT OF CORRECTION, and NEW YORK CITY,

      *Defendants-Appellees*.

_____

FOR APPELLANT:                 Florence Smith, *pro se*, Brooklyn, New York.

FOR APPELLEES:                 Richard Dearing, Deborah A. Brenner, Assistant Corporation Counsels, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment deemed to have been entered on April 3, 2015, is AFFIRMED, and the motion for leave to file an untimely reply brief is GRANTED.[1]

Plaintiff Florence Smith appeals pro se from the October 24, 2014 dismissal of her employment discrimination complaint and the November 4, 2014 rejection of her amended complaint.[2] We assume the parties' familiarity with the underlying facts and the procedural history of the case, which we reference only as necessary to explain our decision to affirm.

We review de novo both the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), see Bryant v. N.Y. State Educ. Dep't, 692 F.3d 202, 210 (2d Cir. 2012), and the rejection of an amended complaint, see Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). While pro

---

[1] Because the district court did not enter a separate judgment as required by Fed. R. Civ. P. 58(a), a judgment is deemed to have been entered 150 days after the November 4, 2014 entry of the district court's order denying as futile leave to amend the complaint. See Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(7)(A)(ii).

[2] Although Smith's notice of appeal refers specifically only to the November 4, 2014 order, we liberally construe the notice also to appeal the dismissal of her initial complaint. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 256 (2d Cir. 1995). We also grant Smith's motion to file an untimely reply brief.

se complaints are subject to this standard, we read pro se pleadings with "special solicitude" and interpret them "to raise the strongest arguments that they suggest." Fowlkes v. Ironworkers Local 40, 790 F.3d 378, 387 (2d Cir. 2015) (internal quotation marks omitted). Upon such review, we affirm both the dismissal of claims in Smith's initial complaint pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq.; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq.; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101, and the rejection of her amended complaint substantially for the reasons stated by the district court in its October 24 and November 4, 2014 orders.

We note only that insofar as the district court appears erroneously to have concluded that Smith did not include the Title VII claim for religious discrimination in her Equal Employment Opportunity Commission ("EEOC") Charge, any error was harmless because the claim was untimely in any event. Smith's submissions in connection with her amended complaint demonstrate that the alleged religious discrimination—requiring Smith to work on Sunday mornings in conflict with her religious observance—occurred in 2010, substantially more than 300 days before Smith filed her 2013 EEOC Charge. See Elmenayer v. ABF Freight Sys., Inc., 318 F.3d 130, 133–35 (2d Cir. 2003) (concluding that rejection of proposed religious accommodation did not give rise to continuing violation

3

and, therefore, discrimination claim based on rejection occurring more than 300 days before filing of EEOC charge was time-barred).

Smith's subsequent submissions, totaling over 100 pages, warrant no different conclusion. Many of the discriminatory acts alleged in the amended complaint occurred between 2002 and 2010 and, therefore, are time-barred, not only because they are outside the 300-day period under Title VII, see Butts v. N.Y. Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993), but also because they are outside the three-year limitations period for NYSHRL and NYCHRL claims, see Lightfoot v. Union Carbide Corp., 110 F.3d 898, 907 (2d Cir. 1997) (NYSHRL); N.Y.C. Admin. Code § 8-502(d) (NYCHRL).

Even if Smith's claims were not time-barred, they fail to survive Rule 12(b)(6) review. Smith's amended claim of discriminatory retaliation based on union activities, like her initial pleading, fails to allege that those activities consisted of opposition to statutorily prohibited discrimination. See Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000) (explaining that Title VII prohibits retaliation based on "protected activity," which "refers to action taken to protest or oppose statutorily prohibited discrimination" (internal quotation marks omitted)); see also N.Y. Exec. Law § 296(7) (prohibiting retaliation against anyone who "has opposed any practices forbidden" under NYSHRL); N.Y.C. Admin. Code § 8-107(7) (prohibiting retaliation against anyone who has "opposed any practice forbidden" under NYCHRL). Insofar as Smith alleges retaliation based on her shop steward activities in violation of the National Labor Relations Act, see 29 U.S.C.

4

§§ 157, 158, that claim fails because it is within the "exclusive jurisdiction" of the National Labor Relations Board ("NLRB"). Procter & Gamble Independent Union of Port Ivory v. Procter & Gamble Mfg. Co., 312 F.2d 181, 190 (2d Cir. 1962); see 29 U.S.C. § 160; San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon, 359 U.S. 236, 245 (1959) (stating that when "activity is arguably subject to [§ 157 or § 158], . . . federal courts must defer to the exclusive competence of" NLRB).

To the extent Smith's submissions suggest that defendants delayed approval for, or denied, her 2012 request for leave under the Family and Medical Leave Act ("FMLA") in order to care for her elderly father, see 29 U.S.C. § 2615(a)(1) (prohibiting employer interference with FMLA rights), any such allegation is belied by her statement that she was on intermittent leave from 2009 through the 2013 date of her termination. Smith's allegation that defendants retaliated against her for 2009 and 2012 complaints about her intermittent FMLA leave is conclusory and, therefore, fails to plead a plausible FMLA claim for wrongful termination. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that "mere conclusory statements" are insufficient to plead plausible claim); Potenza v. City of New York, 365 F.3d 165, 168 (2d Cir. 2004) (stating that FMLA claim must plausibly plead that "adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent").

5

We have considered Smith's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court and GRANT Smith's motion for leave to file an untimely reply brief.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6